IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40770
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN AARON PRUETT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-47-15
--------------------
February 11, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

        John Aaron Pruett pleaded guilty to conspiracy to

distribute heroin and cocaine and to the knowing and intentional

distribution of heroin "which resulted in the death of the user"

in violation of 21 U.S.C. §§ 841 and 846.  Pruett argues that 21

U.S.C. § 841 is unconstitutional because it lists as sentencing

considerations factors which should be substantive elements of

the offense.  Specifically, Pruett asserts that whether the death

of a user was caused by the drug distribution is more than a mere

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing consideration.  Pruett relies on a recent Supreme Court case which construed the federal carjacking statute, 18 U.S.C. § 2119, as establishing three separate offenses due to its specification of different punishments based on the level of injury suffered by the victim.  <u>Jones v. United States</u>, 526 U.S. 227, ___, 119 S. Ct. 1215, 1218-28 (1999).  In <u>Jones</u>, the Supreme Court held that increased penalties imposed for increased injury to the victim could only be imposed if the injury were alleged in the indictment and proved at trial.  <u>Jones</u>, 119 S.Ct. at 1228.

Assuming without deciding, that Pruett is correct in his argument that the level of injury to a victim must be pleaded as part of an offense rather than treated as a mere sentencing factor, the facts of his case are fatal to his claim for relief. The record shows that the indictment did charge him with the death of a user and that he admitted the same both in his plea agreement and in open court.  This satisfies the requirement of <u>Jones</u>, that an offense based on the level of injury to the victim must be pleaded and proved.  <u>See</u> <u>Jones</u>, 119 S.Ct. at 1228.

AFFIRMED.